HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ERIC NEFF
Acting Chief, Voting Section
Civil Rights Division

BRITTANY E. BENNETT
Trial Attorney, Voting Section
Civil Rights Division

U.S. Department of Justice
4 Constitution Square
510 M Street, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Brittany.Bennett@usdoj.gov

SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Sigal.Chattah@usdoj.gov

Attorneys for Plaintiff, UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO V. AGUILAR, in his Official Capacity as Secretary of State for the State of Nevada,<br><br>Defendant(s). | Case Number: 3:25-cv-00728<br><br>**DECLARATION OF ERIC NEFF IN SUPPORT OF THE MOTION FOR ORDER TO OF PRODUCTION OF RECORDS PURSUANT TO 52 U.S.C. § 20701,** *et seq.* |

## DECLARATION

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1. I am currently Acting Chief of the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States's motion, brought on by Order to Show Cause for refusal to produce election registration records, pursuant to the Civil Rights Act codified at 52 U.S.C. § 20701, *et seq*.

2. The National Voter Registration Act, 52 U.S.C. § 20501, *et seq.*, and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et seq.*, require each state to perform voter-list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 11 of the NVRA and Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements of both statutes. *See* 52 U.S.C. § 20510(a) and 52

U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

3. One of the Justice Department's responsibilities is monitoring states' compliance with the requirements of the NVRA and HAVA, including the filing of enforcement actions for noncompliance.

4. On June 25, 2025, the Civil Rights Division sent a request pursuant to 52 U.S.C. § 20507 to Secretary of State Francisco Aguilar, requesting, *inter alia*, a copy of Nevada's statewide voter registration list ("VRL").

5. On July 25, 2025, the Secretary responded and denied the Attorney General an electronic copy of the statewide VRL containing all fields.

6. On August 14, 2025, the Attorney General sent a response to the Secretary's July 25 refusal to provide her with a copy of the statewide VRL. In the August 14 letter the Attorney General demanded pursuant to the Civil Rights Act, the electronic copy of the Statewide VRL specifically demanding that it include registrant's Driver's License number or last four digits of the social security number as required by HAVA for federal registration.

7. The August 14 Letter further explained that HAVA specifies that "the last four digits of a social security number…shall not be considered a social security number for purposes of Section 7 of the Privacy Act of 1974 (5 U.S.C. § 522a note)." 52 U.S.C. § 21083. The demand also instructed that any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. §2721(b)(1), is exempted, when the disclosure is for use by a government agency in carrying out the agency's enforcement authority, which the Department of Justice is now endeavoring to do.

8. The letter also explained to Secretary Aguilar that the Attorney General would keep all data received secure and treat it consistently with the Privacy Act. The Justice Department's requests came with instructional information the statewide

VRLs should be transmitted securely to the Justice Department by way of encryption.

9. The letter also informed the Secretary that the purpose of the demand for these records was to ascertain Nevada's compliance with the list maintenance requirements of federal laws, specifically the NVRA and HAVA.

10. The request specified a deadline for responses within 7 days of the letter.

11. On August 21, 2025, Secretary Aguilar refused to provide the Attorney General with an electronic copy of Nevada's statewide VRL and stated he would "…conduct the careful analysis that your request requires and will reach out to you once we have done so." However, no further response from Nevada was received by the Attorney General.

12. True and correct copies of the Justice Department letters dated June 25, 2025; August 14, 2025; and the reply letters by the Secretary dated July 25, 2025; and August 21, 2025, are attached to the united States' Memorandum in Support of Motion to Compel Production of Documents as Exhibits 1–4.

13. A true and correct copy of the Order denying temporary injunction in *Crook v. S.C. Election Comm'n*, No. 2025-CP-40-06539 (Richland Cty. Comm. Pleas Oct. 1, 2025) as cited in the Memorandum of Support is attached hereto as Exhibit 5.

I declare under the penalty of perjury that the above statements are true and correct. Executed on December 11, 2025.

Dated: December 11, 2025 at Washington, DC.

        /s/ Eric Neff_____
        Eric Neff