UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cv-00728-ART-CLB |
| Plaintiff, | |
| v. | ORDER |
| FRANCISCO V. AGUILAR, in his Official Capacity as Secretary of State for the State of Nevada *et al.*, | |
| Defendants. | |

Pending before the Court are two timely and unopposed motions to intervene as defendants, either as of right under Fed. R. Civ. P. 24(a) or with permission under Fed. R. Civ. P. 24(b). (ECF Nos. 5; 7.) The first group of proposed intervenors is the ACLU of Nevada and Yonas Woldu; and the second group is the NAACP Conference of Idaho, Nevada, and Utah, Nevada Alliance for Retired Americans, Institute for a Progressive Nevada, and Jacqueline Sue Bird. Proposed intervenors have established that they have "a claim or defense that shares with the main action a common question of law or fact," and this Court finds that allowing them to intervene will not "unduly delay or prejudice the adjudication of the original parties' rights." *See* Fed. R. Civ. P. 24(b)(1)(B), (3). Because Rule 24(b) is a sufficient basis to permit the movants to intervene, this Court makes no findings or conclusions regarding their request to intervene pursuant to Rule 24(a)(2). *See United States v. Nago*, No. 1:25-cv-00522-LEK-RT (D. Haw. Jan. 5, 2026) (No. 20) (allowing permissive intervention under similar circumstances); *United States v. Scanlan*, 25-cv-371-AJ (D. N.H. Jan. 7, 2026) (No. 23) (same); *United States v. Simon*, No. 25-cv-3761 (D. Minn. Jan. 6, 2026) (No. 90) (same).

Also pending before the Court are two unopposed motions for leave to file amicus briefs in support of dismissal, one by the Democratic National Committee

and the other by a coalition of states and the District of Columbia. (ECF Nos. 44; 53.) The Court finds a positive exercise of discretion appropriate because the proposed briefs have potential to fulfill the classic roles of amici, namely that they (1) assist in a case of public interest, (2) supplement the efforts of counsel, and (3) draw the court's attention to law that escaped consideration. *See Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982); *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995).

The two unopposed motions to intervene are therefore GRANTED pursuant to Fed. R. Civ. P. 24(b). (ECF Nos. 5; 7.)

The intervenors' motions for leave to file supplemental authorities in support of their motions to intervene are GRANTED. (ECF Nos. 20; 22).

NAACP Conference of Idaho, Nevada, and Utah *et al.*'s motion for leave to submit a motion to dismiss is GRANTED. (ECF No. 38.) Plaintiffs shall have fourteen days from the date of service of this order to respond, and movants shall have seven days from the date of service of the response to reply. LR 7-2(b).

The Clerk of Court is kindly directed to re-file ECF No. 38 as a motion to dismiss.

The unopposed motions for leave to file as amici are GRANTED. (ECF Nos 44; 53.) Plaintiffs may but are not required to file a response to the amicus briefs within 30 days of the date of service of this order.

The Clerk of Court is kindly directed to file the amicus briefs at ECF Nos. 44-1 and 53-1.

DATED: March 20, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2