HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

JONATHON P. HAUENSCHILD
Trial Attorney, Voting Section
Civil Rights Division

U.S. Department of Justice
Civil Rights Division, Voting Section
4 Constitution Square
150 M Street NE, Room 8.1134
Washington, D.C. 20002
Jonathon.Hauenschild@usdoj.gov
Tel. (202) 215-2110

SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada

SUMMER ALLEGRA JOHNSON
Assistant United States Attorney
District of Nevada
501 Las Vegas Blvd. South
Ste. 1100
Las Vegas, NV 89101
summer.johnson@usdoj.gov
702-388-6336

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff(s),<br><br>v.<br><br>FRANCISCO V. AGUILAR, in his Official Capacity as Secretary of State for the State of Nevada<br><br>Defendant(s). | CASE NO:<br><br>3:25-CV-00728-ART-CLB<br><br>**UNITED STATES RESPONSE TO SUPPLEMENT TO MOTION TO DISMISS FILED BY INTERVENOR-DEFENDANTS JACQUELINE SUE BIRD, INSTITUTE FOR A PROGRESSIVE NEVADA, NAACP CONFERENCE OF IDAHO, NEVADA, AND UTAH, AND NEVADA ALLIANCE FOR RETIRED AMERICANS (DKT. 70)** |

1

The United States respectfully submits this response to Intervenor-Defendants' Supplement to their Motion to Dismiss (Dkt. 70).

In *United States v. Galvin*, No. 25-13816, 2026 WL 972129 (D. Mass. Apr. 9, 2026) (*Galvin*), the District Court ruled that Title III of the Civil Rights Act of 1960 (CRA), 52 U.S.C. § 20703, requires that the Attorney General's written demand for records must provide a "*factual* basis," not just a legal basis, to support a demand. *Galvin*, at *3 (emphasis added). *Galvin* acknowledged that in *Kennedy v. Lynd*, 306 F.2d 222, the stated basis for the demand was merely that there was "information in the possession of the Attorney General tending to show that" the states were violating the law. *Id.* at 229 n. 6. Nevertheless, *Galvin* ruled that the Attorney General's written demand letters did not provide a factual basis that satisfied *Lynd*. *See Galvin*, at *4.

The United States respectfully disagrees with *Galvin*'s overly formalistic interpretation of CRA procedure. Another out-of-circuit district noted in a footnote that a similar pair of demand letters "collectively put [the State] on notice of the basis and purpose of its request, which is sufficient to comply with the CRA." *United States v. Benson*, No. 25-1148, 2026 WL 362789, at *8, fn. 3 (W.D. Mich. Feb. 10, 2026), *appeal docketed* Feb. 27, 2026. If the Court is persuaded by *Galvin's* formalistic approach, the United States requests that the Court provide leave for the United States to send the Defendant[s] a curing elaboration letter rather than dismiss on the merits to avoid unnecessary delay in resolution of the underlying legal issues.[1]

///

///

[Signatures Next Page]

///

///

---

[1] Judge Kari A. Dooley, United States District Judge for the District of Connecticut, suggesting the requisite cure for any alleged deficiency in the written demand, said: "If . . . I find the [written demand] letter does not meet the requisites for a court order, aren't we just back here in six months after a new letter has been sent?" *United States v. Thomas*, No. 3:26-cv-00021-KAD, Tr. of Oral Arg. 85:19-22 (D. Conn. Mar. 19, 2026) (attached as Ex. 1).

Dated this 13th day of April, 2026

SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada

SUMMER ALLEGRA JOHNSON
Assistant United States Attorney
District of Nevada

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief
Voting Section, Civil Rights Division


/s/  *Jonathon P. Hauenschild*
JONATHON P. HAUENSCHILD
Trial Attorney
Voting Section, Civil Rights Division
4 Constitution Square
150 M Street NE, Room 8.1134
Washington, D.C. 20002
Jonathon.Hauenschild@usdoj.gov
Tel. (202) 215-2110

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 13, 2026, a true and correct copy of the foregoing document along with all attachments was served via the Court's ECF system to all counsels of record.

*/s/ Jonathon P. Hauenschild*
Jonathon P. Hauenschild