HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

JONATHON P. HAUENSCHILD
Trial Attorney, Voting Section
Civil Rights Division

U.S. Department of Justice
Civil Rights Division, Voting Section
4 Constitution Square
150 M Street NE, Room 8.1134
Washington, D.C. 20002
Jonathon.Hauenschild@usdoj.gov
Tel. (202) 215-2110

SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada

SUMMER ALLEGRA JOHNSON
Assistant United States Attorney
District of Nevada
501 Las Vegas Blvd. South
Ste. 1100
Las Vegas, NV 89101
summer.johnson@usdoj.gov
702-388-6336

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff(s),<br><br>v.<br><br>FRANCISCO V. AGUILAR, in his Official Capacity as Secretary of State for the State of Nevada<br><br>Defendant(s). | CASE NO:<br><br>3:25-CV-00728-ART-CLB<br><br><br>**UNITED STATES RESPONSE TO SUPPLEMENT TO MOTION TO DISMISS FILED BY INTERVENOR-DEFENDANTS ACLU NEVADA, ET AL. (DKT. 77) AND JACQUELINE SUE BIRD, ET AL. (DKT. 78)** |

1

Proposed Intervenor-Defendants ALCU Nevada, et al. filed for leave to file supplemental authorities with respect to *United States v. Fontes*, Case No. 2:26-cv-00066 (D. Ariz. Apr. 28, 2026) (Dkt. 77) and Proposed Intervenors Jacqueline Sue Bird, et al. sought to file a supplement to their proposed brief with respect to *Public Interest Legal Foundation, Inc. v. Nago*, No. 24-6629, 2026 WL 1144103 (9th Cir. Apr. 28, 2026) ("*Nago*") (Dkt. 78).

The United States respectfully submits this joint response to both filings.

In *Fontes*, the district court repeated the errors made in *United States v. Benson*, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026), *appeal pending*, No. 26-1225 (6th Cir.), ruling that voter registration lists (VRLs) do not "come into … possession" of an election officer. The court compounded that error by reasoning that a "record" covered by 52 U.S.C. 20701 does not include a VRL because the NVRA and HAVA require VRLs to be constantly "altered," in supposed violation of 52 U.S.C. 20702. *Fontes* is wrong on both points, which have been briefed in pending appeals before the Sixth Circuit, *see Benson*, No. 26-1225, and the Ninth Circuit, *see United States v. Oregon*, No. 26-1231, and *United States v. Weber*, No. 26-1232.

When a word is undefined in a statute, courts "give the term its ordinary meaning." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 566 (2012). Secretaries of State "come[] into possession" of VRLs when they acquire them in the conduct of their official responsibilities, regardless of the information's source. *See Webster's New World Dictionary of the American Language*, 291, 1140 (8th coll. ed. 1960); Brief for the United States, *United States v. Benson*, No. 26-1225 (6th Cir.), Dkt. 25, 15-22.

*Fontes's* distorted construction of § 20702 does not justify its misapplication of § 20701. Title III's prohibition on the willful alteration of records cannot apply to VRL maintenance. The surrounding verbs elucidate the meaning of "alter" in this provision. *Fischer v. United States*, 603 U.S. 480, 487 (2024). Those verbs all describe actions typically taken to make a document unavailable, inaccessible, or inaccurate for evidentiary purposes. *Id.* at 489-90 (analyzing similar list of verbs). And the use of "willfully" in criminal statutes generally requires the defendant to act "with knowledge that his conduct was unlawful." *Bryan v. United States*, 524 U.S. 184, 192 (1998). List maintenance is a statutory duty, not unlawful conduct.

In *Nago*, the court ruled an SVRL is not a "record[] concerning the implementation of programs and activities conducted for the purpose of" keeping a voter-registration list up to date. 52 U.S.C. 20507(i)(1). That interpretation was based on three specific NVRA terms—specifically, "concerning the implementation of," "program," and "activity"—in Section 20507(i)(1). 2026 WL 1144703, at *11.

*Nago* is wrong, *see Public Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 47 (1st Cir. 2024) (holding that an SVRL "plainly" falls within 52 U.S.C. 20507(i)(1)), but also distinguishable. None of the NVRA-specific words *Nago* interpreted appear in Title III, which allows the Attorney General to demand "all records and papers which come into [an officer of election's] possession relating to any application, registration, . . . or other act requisite to voting in [an] election." 52 U.S.C. 20701, 20703. An SVRL fits squarely within that language because it plainly relates to voters' registrations. U.S. Cons. Memo In Opposition to Defendant's Motion to Dismiss, Dkt. 49, at 17-19.

Further, *Nago*'s statement that it would be "unworkable and implausible" for States to retain the SVRL "'for at least [two] years'" depends on the unexplained assumption that "states would be obliged to preserve every interim version of the [SVRL]." 2026 WL 1144703, at *13 (quoting 52 U.S.C. 20507(i)(1)). That assumption is incorrect, *see Fischer v. United States*, 603 U.S. 480, 489-90 (2024) (analyzing a similarly worded list of verbs to that in Section 20702); *see also Voter Reference Found., LLC v. Torrez*, 160 F.4th 1068, 1085 (10th Cir. 2025), and should not impact this Court's CRA analysis.

///

///

///

[Signatures next page]

///

///

///

///

3

Dated this 6th day of May, 2026

SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

SUMMER ALLEGRA JOHNSON
Assistant United States Attorney
District of Nevada

JESUS A. OSETE
Principal Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief
Voting Section, Civil Rights Division

/s/ *Jonathon P. Hauenschild*
JONATHON P. HAUENSCHILD
Trial Attorney
Voting Section, Civil Rights Division
4 Constitution Square
150 M Street NE, Room 8.1134
Washington, D.C. 20002
Jonathon.Hauenschild@usdoj.gov
Tel. (202) 215-2110

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 6, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsels of record.


*/s/ Jonathon P. Hauenschild*
Jonathon P. Hauenschild