David R. Fox (NV Bar No. 16536)
Julianna D. Astarita* (DC Bar No. 90041368)
**Elias Law Group LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
(202) 968-4490
dfox@elias.law
jastarita@elias.law

Walker McKusick* (WA Bar No. 63205)
**Elias Law Group LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
wmckusick@elias.law

Bradley S. Schrager (NV Bar No. 10217)
Daniel Bravo (NV Bar No. 13078)
**Bravo Schrager LLP**
6675 South Tenaya Way, Suite 200
Las Vegas, NV 89113
(702) 996-1724
bradley@bravoschrager.com
daniel@bravoschrager.com

*Attorneys for Intervenor-Defendants
NAACP Conference of Idaho, Nevada,
and Utah, Nevada Alliance for Retired
Americans, Institute for a Progressive
Nevada, and Jacqueline Sue Bird*

*Admitted pro hac vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case No. 3:25-cv-00728-ART-CLB |
| Plaintiff, | |
| v. | **NAACP CONFERENCE OF IDAHO, NEVADA, AND UTAH, NEVADA ALLIANCE FOR RETIRED AMERICANS, INSTITUTE FOR A PROGRESSIVE NEVADA, AND JACQUELINE SUE BIRD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE** |
| FRANCISCO AGUILAR, in his official capacity as Nevada Secretary of State, | |
| Defendant. | |

ELIAS LAW GROUP
LLP
ATTORNEYS AT LAW
WASHINGTON, DC

RESPONSE TO
MOTION FOR LEAVE

Intervenors NAACP Conference of Idaho, Nevada, and Utah, Nevada Alliance for Retired Americans, Institute for a Progressive Nevada, and Jacqueline Sue Bird respectfully submit this response to Plaintiff's Motion for Leave to File Supplemental Authority regarding an Office of Legal Counsel ("OLC") opinion. *See* ECF No. 80.

The OLC opinion adds nothing to DOJ's arguments in this case, and it contradicts some of them. It represents nothing more than DOJ's unsurprising view that DOJ is correct in this litigation. Agency opinion letters are afforded no legal deference, *see Christensen v. Harris County*, 529 U.S. 576, 587–88 (2000), and the OLC opinion is no different. Moreover, the preparation of an OLC opinion on a subject of ongoing litigation was contrary to OLC's own guidelines. *See Memorandum for Attorneys of the Office Re: Best Practices for OLC Legal Advice and Written Opinions* at 3, Off. Legal Couns., U.S. Dep't of Just. (July 16, 2010), https://www.justice.gov/olc/page/file/1511836/dl ("As a prudential matter, OLC generally avoids opining on questions likely to arise in pending or imminent litigation involving the United States as a party.").[1]

In any event, the substance of the OLC opinion supports many of Defendants' and Intervenors' arguments that this case must be dismissed. It confirms that DOJ had no factual basis for its demands of Nevada or any other state, as Title III requires, arguing only that DOJ's "basis" was its purpose of investigating NVRA and HAVA compliance. *See* ECF No. 80-1 at 21–24. But that is not what the word "basis" means. OLC's bizarre argument that "the basis and the purpose" is a "legal doublet" like "aid and abet" is unsupported by any citation showing such usage anywhere else, nor any explanation for why Congress in 1960 would have coined a new doublet out of a supposed desire to "include[] both the French and Old English words" so that any Old

---

[1] This Best Practices memo remains in effect, notwithstanding OLC's choice to involve itself in pending litigation here. *See Best Practices for OLC Legal Advice and Written Opinions*, Off. Legal Couns., U.S. Dep't of Just., https://www.justice.gov/olc/best-practices-olc-legal-advice-and-written-opinions (Aug. 19, 2024).

- 2 -

RESPONSE TO
MOTION FOR LEAVE

English speakers in 1960s America could understand legal proceedings supposedly "conducted in Norman French." *See id.* at 23 & n.23.[2]

The OLC opinion also confirms that DOJ's demand did not accurately state "the purpose" of DOJ's request. OLC makes clear, on the very first page, that the demands were made "[i]n response to the President's order to identify those who may be voting illegally." ECF No. 80-1 at 1. OLC later confirms that if DOJ finds individuals it believes are non-citizens on the voter list, it "may seek to strike the alien's name from the voter registration list for future elections, refer the alien for prosecution, or both." *Id.* at 5. These purposes of investigating individual voters are distinct from evaluating *Nevada's* compliance with its own discrete list maintenance obligations— the only purpose reflected in DOJ's correspondence with Nevada. *See* Mem. in Support of Mot. to Compel, Exs. 1 at 1–3, 3 at 1–3, ECF No. 3-1. Nor would investigating individual voters be proper, as nothing in the NVRA, HAVA, or the CRA grants DOJ supervisory power over the removal of noncitizens from state voter rolls.

Finally, OLC's analysis confirms that the voter files are outside the scope of Title III, because they are created by state election officials rather than "com[ing] into their possession" from their parties. OLC contends that "[i]f Congress had meant to limit section 303 to materials that a third party has provided state election officers, it had other, more specific words available," such as "receive." ECF No. 80-1 at 9. Yet OLC then defines "receive" as "[t]*o come into possession of*, get, acquire, or the like, from any source outside of oneself," and to "indicate[] a transfer of possession from one person . . . to another[.]" *Id.* (emphasis added) (quotations omitted). Those definitions buttress the argument that the CRA does not extend to voter lists. *See* Mot. to Dismiss, ECF No. 66 at 15–16; *see also* Notice of Supp. Authority, ECF No. 77 at 2 (citing *United States v. Fontes*, No. CV-26-00066-PHX-SMB, 2026 WL 1177244, at *3–7 (D. Ariz. Apr. 28, 2026)).

---

[2] "[T]he basis and the purpose" does not fit the legal doublet framework in any event: unlike actual legal doublets like "aid and abet," "basis" and "purpose" are not synonyms and neither term is of Germanic or Old English etymology—they come from Latin and French, respectively—so they could not possibly serve OLC's asserted purpose of such doublets. *See Basis*, Oxford Eng. Dictionary (Dec. 2025); *Purpose (n.)*, Oxford Eng. Dictionary (Mar. 2026).

- 3 -

RESPONSE TO
MOTION FOR LEAVE

Dated: May 18, 2026

Respectfully submitted,

**BRAVO SCHRAGER LLP**

By: */s/ Bradley S. Schrager*

David R. Fox (NV Bar No. 16536)
Julianna D. Astarita* (DC Bar No. 90041368)
**Elias Law Group LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
(202) 968-4490
dfox@elias.law
jastarita@elias.law

Walker McKusick* (WA Bar No. 63205)
**Elias Law Group LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-017
F: (206) 656-0180
wmckusick@elias.law

Bradley S. Schrager (NV Bar No. 10217)
Daniel Bravo (NV Bar No. 13078)
**Bravo Schrager LLP**
6675 South Tenaya Way, Suite 200
Las Vegas, NV 89113
(702) 996-1724
bradley@bravoschrager.com
daniel@bravoschrager.com

*Attorneys for Intervenor-Defendants NAACP Conference of Idaho, Nevada, and Utah, Nevada Alliance for Retired Americans, Institute for a Progressive Nevada, and Jacqueline Sue Bird*

*\*Admitted pro hac vice*

- 4 -

RESPONSE TO
MOTION FOR LEAVE

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2026 a true and correct copy of Intervenors' Notice of Supplemental Authority was served via the United States District Court's CM/ECF system on all parties or persons requiring notice.

By:  */s/ Dannielle Fresquez*
Dannielle Fresquez, an Employee of
Bravo Schrager LLP

ELIAS LAW GROUP
LLP
ATTORNEYS AT LAW
WASHINGTON, DC

- 5 -

RESPONSE TO
MOTION FOR LEAVE