SADMIRA RAMIC, ESQ. (15984)
CHRISTOPHER M. PETERSON, ESQ. (13932)
**AMERICAN CIVIL LIBERTIES**
**UNION OF NEVADA**
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: ramic@aclunv.org
peterson@aclunv.org

JONATHAN TOPAZ*
New York Bar No. 5671151
WILL HUGHES*
New York Bar No. 5867346
THERESA J. LEE*
New York Bar No. 5022769
SOPHIA LIN LAKIN*
New York Bar No. 5182076
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
Emails: jtopaz@aclu.org
whughes@aclu.org
tlee@aclu.org
slakin@aclu.org

* *application for admission pro hac vice granted*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>FRANCISCO V. AGUILAR, in his Official Capacity as Secretary of State for the State of Nevada,<br><br>     Defendant. | Case No. 3:25-cv-728<br><br>**INTERVENORS-DEFENDANTS' THE ACLU OF NEVADA AND YONAS WOLDU MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITIES** |

Intervenor-Defendants the ACLU of Nevada and Yonas Woldu hereby file this motion for leave to file supplemental authorities relevant to the Court's consideration of Intervenor-Defendants' pending motion to dismiss [ECF No. 68]. LR 7-2(g). The decision in the relevant case was published after Intervenor-Defendants' reply memorandum was filed on April 17, 2026. [ECF No. 74].

**MEMORANDUM OF POINTS AND AUTHORITIES**

Good cause exists to grant the motion. This lawsuit is one of thirty-one that the United States has filed against states and election officials, demanding the production of states' full and unredacted voter files. On June 22, 2026, the District Court for the District of Maryland issued an opinion and order in *United States v. DeMarinis*, No. 1:25-cv-3934, attached as Exhibit 1. The decision rejected the DOJ's attempt to compel production of Maryland's statewide voter file and dismissed the United States' complaint, which is meaningfully identical to the Complaint in this case. *DeMarinis* joins the chorus of now nine District Courts to reject the United States' improper attempts to seize statewide voter files—with none going the other way. *See* Ex. 1; *United States v. Wis. Elections Comm'n*, No. 25-cv-1036-jdp, 2026 WL 1430354 (W.D. Wis. May 21, 2026); *United States v. Bellows*, No. 1:25-cv-468-LEW, 2026 WL 1430481 (D. Me. May 21, 2026); *United States v. Fontes*, No. CV-26-66-PHX-SMB, 2026 WL 1177244 (D. Ariz. Apr. 28, 2026); *United States v. Amore*, No. 25-CV-639-MSM-PAS, 2026 WL 1040637 (D.R.I. Apr. 17, 2026); *United States v. Galvin*, No. 25-13816-LTS, 2026 WL 972129 (D. Mass. Apr. 9, 2026); *United States v. Benson*, 819 F. Supp. 3d 753 (W.D. Mich. 2026); *United States v. Oregon*, No. 6:25-cv-1666-MTK, 2026 WL 318402 (D. Or. Feb. 5, 2026); *United States v. Weber*, 816 F. Supp. 3d 1168 (C.D. Cal. 2026).

*DeMarinis* first held that "[c]onsistent with [*United States v. Powell*, 379 U.S. 48 (1964)],

and every other court to have addressed this question in the recent litigation in other states, this Court concludes that the Federal Rules of Civil Procedure apply." Ex. 1 at 6 (citing cases). In particular, the court found persuasive that the Civil Rights Act of 1960 (CRA) "contains the same language at issue in *Powell* conferring jurisdiction 'by appropriate process." *Id.* (quoting *Powell*, 379 U.S. at 52 n.10).

The Court then held that it "joins every court to have addressed this issue in concluding that [a statewide voter list] is not a record or paper that a state must produce to the United States under the CRA." *Id.* at 9. The court reasoned that the statewide voter list, "which is created by state officials, does not 'come into [their] possession,'" because it does not come from an external source. *Id.* at 7. The court also noted that "interpreting § 20701 to cover an SVRL would bring it into conflict with an adjacent provision, 52 U.S.C. § 20702, which criminalizes the alteration of any record or paper covered by § 20701." *Id.* at 8. The court found that the statewide voter roll "is a dynamic list that is constantly updated," and therefore that "the NVRA and HAVA *require*" its "constant alteration," such that "[t]he United States's proposed interpretation of the CRA would therefore criminalize the same conduct that the NVRA and HAVA require." *Id.* Further, the court held that even if "the Federal Rules of Civil Procedure do not apply to this proceeding," the case should still be dismissed because even *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962)—the primary case on which the United States relies—"acknowledged that the court may determine whether a particular records falls within the scope of the CRA." *Id.* at 7 n.2.

Finally, the court held that "no amendment in the complaint could cure the defects in the plaintiff's case," such that the case should be dismissed with prejudice. *Id.* at 9 (internal quotation marks omitted).

*DeMarinis* provides further support for denying the DOJ's motion to compel and

dismissing the Complaint.

Dated:  June 22, 2026.

**AMERICAN CIVIL LIBERTIES UNION OF NEVADA**

*/s/ Sadmira Ramic*
SADMIRA RAMIC (15984)
CHRISTOPHER M. PETERSON (13932)
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: ramic@aclunv.org
        peterson@aclunv.org

JONATHAN TOPAZ*
New York Bar No. 5671151
WILL HUGHES*
New York Bar No. 5867346
THERESA J. LEE*
New York Bar No. 5022769
SOPHIA LIN LAKIN*
New York Bar No. 5182076
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
Emails: jtopaz@aclu.org
whughes@aclu.org
tlee@aclu.org
slakin@aclu.org

* *application for admission pro hac vice granted*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **INTERVENOR-DEFENDANTS' THE ACLU OF NEVADA AND YONAS WOLDU MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITIES** with the Clerk of the Court for the United States District Court of Nevada by using the court's CM/ECF system on June 22, 2026. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished on all participants by:

☒     CM/ECF

☐     Electronic mail; or

☐     US Mail or Carrier Service

/s/ Suzanne Lara
ACLU of Nevada Employee