SADMIRA RAMIC, ESQ. (15984)
CHRISTOPHER M. PETERSON, ESQ. (13932)
**AMERICAN CIVIL LIBERTIES**
**UNION OF NEVADA**
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: ramic@aclunv.org
peterson@aclunv.org

JONATHAN TOPAZ*
New York Bar No. 5671151
WILL HUGHES*
New York Bar No. 5867346
THERESA J. LEE*
New York Bar No. 5022769
SOPHIA LIN LAKIN*
New York Bar No. 5182076
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
Emails: jtopaz@aclu.org
whughes@aclu.org
tlee@aclu.org
slakin@aclu.org

* *application for admission pro hac vice granted*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>FRANCISCO V. AGUILAR, in his Official Capacity as Secretary of State for the State of Nevada,<br><br>    Defendant. | Case No. 3:25-cv-728<br><br>**INTERVENORS-DEFENDANTS' THE ACLU OF NEVADA AND YONAS WOLDU MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITIES** |

Intervenor-Defendants the ACLU of Nevada and Yonas Woldu hereby file this motion for leave to file supplemental authorities relevant to the Court's consideration of Intervenor-Defendants' pending motion to dismiss [ECF No. 68]. LR 7-2(g). The decisions in the relevant cases were published after Intervenor-Defendants' reply memorandum was filed on April 17, 2026. [ECF No. 74].

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Good cause exists to grant the motion. This lawsuit is one of thirty-one that the United States has filed against states and elections officials, demanding the production of states' full and unredacted voter files. On June 27, 2026, the United States District Court for the Western District of Pennsylvania issued an opinion and order in *United States v. Schmidt*, No. 25-cv-1481-CB, attached as Exhibit 1. On June 29, 2026, the United States District Court for the District of New Hampshire issued an opinion and order in *United States v. Scanlan*, No. 25-cv-371-JL, attached as Exhibit 2. In both decisions, the courts denied DOJ's attempt to compel production of statewide voter files and dismissed the United States' complaints, which are meaningfully identical to the Complaint in this case. To date, eleven federal district courts and one federal appellate court have dismissed the United States' improper attempts to seize statewide voter files—with none going the other way. *See* Ex. 1; Ex. 2; *United States v. Benson*, No. 26-1225, 2026 WL 1815425 (6th Cir. June 24, 2026); *United States v. DeMarinis*, No. SAG-25-3934, 2026 WL 1780586 (D. Md. June 18, 2026); *United States v. Wis. Elections Comm'n*, No. 25-cv-1036-jdp, 2026 WL 1430354 (W.D. Wis. May 21, 2026); *United States v. Bellows*, No. 1:25-cv-468-LEW, 2026 WL 1430481 (D. Me. May 21, 2026); *United States v. Fontes*, No. CV-26-66-PHX-SMB, 2026 WL 1177244 (D. Ariz. Apr. 28, 2026); *United States v. Amore*, No. 25-CV-639-MSM-PAS, 2026 WL 1040637 (D.R.I. Apr. 17, 2026); *United States v. Galvin*, No. 25-13816-LTS, 2026 WL 972129 (D. Mass. Apr. 9, 2026); *United States v. Benson*, 819 F. Supp. 3d 753 (W.D. Mich. 2026); *United States v. Oregon*, No. 6:25-cv-1666-MTK, 2026 WL 318402 (D. Or. Feb. 5, 2026); *United States v. Weber*, 816 F. Supp. 3d 1168 (C.D. Cal. 2026).

In *Schmidt*, the court first held that "[u]nredacted voter files are not 'records,' as the term

is defined under Title III of the [Civil Rights] Act," calling the United States' statutory interpretation to the contrary "tortured." Ex. 1 at 3. Then, the court held that the United States' demand also violated Title III also because it failed to comply with the statute's basis-and-purpose requirements. *Id.* In particular, the court found that the United States' claimed purpose for its demand was pretextual, and that its true purpose was "to create a nationwide voter-database, for potential weaponization in future elections; as a 'fishing expedition,' hoped to advance unsubstantiated claims of non-citizen voting; and as a tool for immigration enforcement." *Id*; *see also id.* at 5 n.3 (declining to extend the "presumption of regularity" to the government action here because of the evidence of pretext).

In *Scanlan*, the court first held that Title III refers "only to records that election officials obtain from outside sources—i.e., prospective voters—and not to records that they themselves have created and thus have always possessed." Ex. 2 at 10. Consequently, the court held that New Hampshire's unredacted voter file is not covered under Title III because "it is a continuously maintained, state-generated compilation of data housed in a 'relational database' that New Hampshire has built, updated, and controlled since its creation." *Id.* at 14. The court next held that the United States' complaint should also be dismissed because its "demand fails to satisfy [Title III's] basis requirement." *Id.* at 18. The court noted that Title III's requirement of "'basis' and 'purpose' are separate, non-overlapping requirements, each of which must independently be satisfied," *id.* at 15, and that "the basis" refers to "the evidentiary or factual predicate giving rise to the demand in the first place," *id.* at 16. The court held that the United States' demand did not comply with Title III's basis requirement in part because it "does not identify any factual anomalies in New Hampshire's voter registration data, nor does it point to any complaint or pattern suggesting noncompliance with HAVA or the CRA." *Id.* at 18.

*Schmidt* and *Scanlan* provide further support for denying the DOJ's motion to compel and dismissing the Complaint.

Dated:  June 30, 2026

AMERICAN CIVIL LIBERTIES
UNION OF NEVADA

SADMIRA RAMIC (15984)
CHRISTOPHER M. PETERSON (13932)
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: ramic@aclunv.org
           peterson@aclunv.org

JONATHAN TOPAZ*
New York Bar No. 5671151
WILL HUGHES*
New York Bar No. 5867346
THERESA J. LEE*
New York Bar No. 5022769
SOPHIA LIN LAKIN*
New York Bar No. 5182076
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
Emails: jtopaz@aclu.org
whughes@aclu.org
tlee@aclu.org
slakin@aclu.org

* application for admission pro hac vice granted

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **INTERVENOR-DEFENDANTS' THE ACLU OF NEVADA AND YONAS WOLDU MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITIES** with the Clerk of the Court for the United States District Court of Nevada by using the court's CM/ECF system on June 30, 2026. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished on all participants by:

☒ CM/ECF

☐ Electronic mail; or

☐ US Mail or Carrier Service

_____
ACLU of Nevada Counsel