David R. Fox (NV Bar No. 16536)
Julianna D. Astarita* (DC Bar No. 90041368)
**Elias Law Group LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
(202) 948-1135
dfox@elias.law
jastarita@elias.law

Walker McKusick* (WA Bar No. 63205)
**Elias Law Group LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
wmckusick@elias.law

Bradley S. Schrager (NV Bar No. 10217)
Daniel Bravo (NV Bar No. 13078)
**Bravo Schrager LLP**
6675 South Tenaya Way, Suite 200
Las Vegas, NV 89113
(702) 996-1724
bradley@bravoschrager.com
daniel@bravoschrager.com

*Attorneys for Intervenor-Defendants
NAACP Conference of Idaho, Nevada,
and Utah, Nevada Alliance for Retired
Americans, Institute for a Progressive
Nevada, and Jacqueline Sue Bird*

*Admitted pro hac vice

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCO AGUILAR, in his official capacity as Nevada Secretary of State, <br><br> Defendant. | Case No. 3:25-cv-00728-ART-CLB <br><br> **MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITIES REGARDING NAACP CONFERENCE OF IDAHO, NEVADA, AND UTAH, NEVADA ALLIANCE FOR RETIRED AMERICANS, INSTITUTE FOR A PROGRESSIVE NEVADA, AND JACQUELINE SUE BIRD'S MOTION TO DISMISS** |

ELIAS LAW GROUP
LLP
ATTORNEYS AT LAW
WASHINGTON, DC

MOTION FOR LEAVE

Intervenors NAACP Conference of Idaho, Nevada, and Utah, Nevada Alliance for Retired Americans, Institute for a Progressive Nevada, and Jacqueline Sue Bird move for leave to file supplemental authorities supporting their pending Motion to Dismiss. *See* ECF No. 66. Four additional, recent decisions have dismissed DOJ's parallel lawsuits seeking statewide voter registration lists in New York, West Virginia, Virginia, and New Mexico.

*First*, in DOJ's parallel suit seeking New York's unredacted voter list, the district court dismissed DOJ's complaint on the ground that New York's statewide voter registration list is not a record or paper that comes into the possession of state officials under the plain text of Title III of the Civil Rights Act of 1960 ("CRA"). *See United States v. Bd. of Elections of N.Y.*, No. 1:25-cv-1338, 2026 WL 1999921 (N.D.N.Y. July 10, 2026). The district court began by rejecting DOJ's argument that the Civil Rights Act of 1960 ("CRA") entitles it to a "special statutory proceeding" that substantially limits a court's review, instead observing that "the text of [the CRA] does not expressly provide for the type of proceeding proposed by Plaintiff" and that "the Supreme Court's holding in *United States v. Powell*, 379 U.S. 48 (1964), categorically contradicts" Plaintiff's asserted authority. *Bd. of Elections of N.Y.*, 2026 WL 1999921, at *5–6. Consequently, the normal Rule 12(b)(6) standard applies. *Id.* at *7.

Applying that standard, the district court dismissed the complaint with prejudice, holding that a statewide voter registration list "is not a document subject to demand by the Attorney General pursuant to § 20703." *Id.* at *9. That is so because "a voter registration list . . . is created by state officials and, therefore, 'does not come into [their] possession,'" as required by the CRA. *Id.* (cleaned up). The court explained that construing the CRA to cover voter lists, as DOJ urges, would "produce an absurd result" because other federal statutes require election officials to "constantly update[]" voter lists, while the CRA makes it a crime to "alter[]" any covered records. *Id.*

The court also noted that other district courts in parallel cases had "focused on" the CRA's procedural requirements that the government's written demand contain "the basis and the purpose" for the demand, and the New York court "observe[d] the same deficiencies in Plaintiff's demand to New York." *Id.* at *8; *see* 52 U.S.C. § 20703. Specifically—as is true here, *see* ECF No. 66 at

ELIAS LAW GROUP
LLP
ATTORNEYS AT LAW
WASHINGTON, DC

7–13—"Plaintiff's demand states no basis and the purported 'purpose' of 'ascertain[ing] [the State's] compliance with the list maintenance requirements of the NVRA and HAVA' lacks any relation to the purposes for which Title III was enacted." *Bd. of Elections of N.Y.*, 2026 WL 1177244, at *8.

*Second*, in DOJ's parallel suit seeking West Virginia's unredacted voter list, the district court dismissed DOJ's complaint on two independent grounds. The district court held that (like here) "Plaintiff's demand fails to include a factual basis, as required by [the CRA]." *United States v. Warner*, No. 2:26-CV-00156, 2026 WL 2018877, at *4 (S.D.W. Va. July 13, 2026). The court emphasized that DOJ's reliance on the CRA itself—as it has done so here, *see* ECF No. 54 at 6—as the basis for its demand "contravene[d] practical principles of statutory analysis by disregarding the ordinary meaning of the language employed by Congress" and did not demonstrate that West Virginia was "suspected to be noncompliant with the list maintenance requirements of HAVA or the NVRA." *Warner*, 2026 WL 2018877, at *4. Separately, in light of the CRA's "historical context," the court held that "the 'purpose' required in a demand for records under [the CRA] must relate to a purpose of investigating violations of individuals' voting rights," which was not satisfied by DOJ's "generalized nationwide concerns that voter registration records may contain too many names." *Id.* at *7 (quotation omitted). DOJ's failure to "state a 'purpose' that relates to an investigation into potential violations of an individual's right to vote" therefore required dismissal. *Id.*

*Third*, in DOJ's parallel suit seeking Virginia's statewide voter list, the district court dismissed DOJ's complaint on the ground that Virginia's statewide voter registration list is not a document subject to production under the CRA, because it does not "come into [the] possession" of state election officials, as that phrase is used in the CRA. *See United States v. Koski*, No. 3:26-cv-42, 2026 WL 2032532 at *4–6 (E.D. Va. July 14, 2026).

*Fourth*, in DOJ's parallel suit seeking New Mexico's statewide voter registration list, the district court likewise dismissed the complaint, agreeing with the New York and West Virginia courts that DOJ's demand letter "lack[ed] an identifiable 'basis,'" as required by the CRA. *See United States v. Oliver*, No. 1:25-cv-01193, 2026 WL 2031479 at *10 (D.N.M. July 14, 2026).

MOTION FOR LEAVE

ELIAS LAW GROUP
LLP
ATTORNEYS AT LAW
WASHINGTON, DC

The court further held that "DOJ cannot remedy the shortcomings in its Demand Letter with an amendment or by sending 'a curing amendment letter,'" and therefore dismissed the complaint with prejudice. *Id.* at *10 n.19.

DOJ's position has now been rejected by fifteen federal district courts, and one of those decisions has been affirmed by a court of appeals. Not a single court has concluded that DOJ stated a viable claim. Faced with this unanimous and growing body of authority, this Court should likewise dismiss DOJ's complaint as a matter of law.

Dated: July 16, 2026

Respectfully submitted,

**BRAVO SCHRAGER LLP**

By: */s/ Bradley S. Schrager*

David R. Fox (NV Bar No. 16536)
Julianna D. Astarita* (DC Bar No. 90041368)
**Elias Law Group LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
(202) 948-1135
dfox@elias.law
jastarita@elias.law

Walker McKusick* (WA Bar No. 63205)
**Elias Law Group LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-017
F: (206) 656-0180
wmckusick@elias.law

Bradley S. Schrager (NV Bar No. 10217)
Daniel Bravo (NV Bar No. 13078)
**Bravo Schrager LLP**
6675 South Tenaya Way, Suite 200
Las Vegas, NV 89113
(702) 996-1724
bradley@bravoschrager.com
daniel@bravoschrager.com

*Attorneys for Intervenor-Defendants NAACP Conference of Idaho, Nevada, and Utah, Nevada Alliance for Retired Americans, Institute for a Progressive Nevada, and Jacqueline Sue Bird*

*Admitted pro hac vice*

MOTION FOR LEAVE

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2026 a true and correct copy of Intervenors' Motion for Leave to File Supplemental Authorities was served via the United States District Court's CM/ECF system on all parties or persons requiring notice.

By: _/s/ Dannielle Fresquez_
Dannielle Fresquez, an employee of
Bravo Schrager LLP

MOTION FOR LEAVE

ELIAS LAW GROUP
LLP
ATTORNEYS AT LAW
WASHINGTON, DC