David R. Fox (NV Bar No. 16536)
Julianna D. Astarita* (DC Bar No. 90041368)
**Elias Law Group LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
(202) 948-1135
dfox@elias.law
jastarita@elias.law

Walker McKusick* (WA Bar No. 63205)
**Elias Law Group LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180
wmckusick@elias.law

Bradley S. Schrager (NV Bar No. 10217)
Daniel Bravo (NV Bar No. 13078)
**Bravo Schrager LLP**
6675 South Tenaya Way, Suite 200
Las Vegas, NV 89113
(702) 996-1724
bradley@bravoschrager.com
daniel@bravoschrager.com

*Attorneys for Intervenor-Defendants
NAACP Conference of Idaho, Nevada,
and Utah, Nevada Alliance for Retired
Americans, Institute for a Progressive
Nevada, and Jacqueline Sue Bird*

*Admitted pro hac vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO AGUILAR, in his official capacity as Nevada Secretary of State,<br><br>Defendant. | Case No. 3:25-cv-00728-ART-CLB<br><br>**MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITIES REGARDING NAACP CONFERENCE OF IDAHO, NEVADA, AND UTAH, NEVADA ALLIANCE FOR RETIRED AMERICANS, INSTITUTE FOR A PROGRESSIVE NEVADA, AND JACQUELINE SUE BIRD'S MOTION TO DISMISS** |

Intervenors NAACP Conference of Idaho, Nevada, and Utah, Nevada Alliance for Retired Americans, Institute for a Progressive Nevada, and Jacqueline Sue Bird move for leave to file supplemental authorities supporting their pending Motion to Dismiss. *See* ECF No. 66. Five additional federal district courts have now dismissed DOJ's parallel suits seeking unredacted statewide voter registration lists in Connecticut, Kentucky, New Jersey, Illinois, and Colorado. *See United States v. Thomas*, No. 3:26-CV-21, 2026 WL 2070437 (D. Conn. July 17, 2026); *United States v. Adams*, No. 3:26-CV-00019, 2026 WL 2123871 (E.D. Ky. July 23, 2026); *United States v. Caldwell*, No. 3:26-cv-2025, 2026 WL 2186515 (D.N.J. July 29, 2026); *United States v. Matthews*, No. 25-CV-3398, 2026 WL 2212877 (C.D. Ill. July 31, 2026); *United States v. Griswold*, No. 25-CV-03967, 2026 WL 2235374 (D. Colo. Aug. 3, 2026).

Four of the five district courts first rejected DOJ's argument that Title III of the Civil Rights Act (CRA) displaces the Federal Rules of Civil Procedure.[1] *Adams*, 2026 WL 2123871, at *3–5; *Caldwell*, 2026 WL 2186515, at *6; *Matthews*, 2026 WL 2212877, at *2–3; *Griswold*, 2026 WL 2235374 at *3; *see also* ECF No. 37 (Resp. to Mot. to Compel) at 3–4 (explaining why the Federal Rules of Civil Procedure apply to DOJ's claim).

The *Thomas* court concluded that the unredacted voter list was not a record or paper subject to disclosure under Title III because it did not "come into [the] possession" of a state officer of election. 2026 WL 2070437 at *5–6 (collecting cases). The court found that the voter list—a document that is "constantly being updated"—"is a record created by the state," rather than one that state officials receive as part of the registration process. *Id.* at *5. The court's conclusion "[was] further compelled" by the criminal penalties in Section 20702 of the CRA, which prohibit the altering of any record subject to production under the Act. *Id.* at *6. Construing the voter list as a record "would place election officials in violation of one federal law for trying to comply with others." *Id.* (quoting *United States v. Benson*, 179 F.4th 470, 480 (6th Cir. 2026)).

The *Adams* court held that Kentucky's unredacted voter list was not subject to disclosure under Title III because it did not "come into" election officials' possession, applying the Sixth

---

[1] The *Thomas* court proceeded under the Federal Rules of Civil Procedure without deciding "whether Title III contemplates a more truncated or streamlined invocation of the Court's authority." 2026 WL 2070437, at *1 n.1.

MOTION FOR LEAVE

Circuit's decision in *United States v. Benson*, 179 F.4th 470 (6th Cir. 2026). *See* 2026 WL 2123871, at *4–5. The court also held that DOJ's claims failed for a further, independent reason: its demand stated neither a basis nor a purpose, instead offering only a "general reference" to the National Voter Registration Act (NVRA) and the Help America Vote Act (HAVA). *Adams*, 2026 WL 2123871, at *6. Because DOJ "did not comply with its mandatory statutory obligation to submit a demand" stating "both the basis and purpose of its request," Kentucky "did not violate Title III by refusing to produce" the state's unredacted voter file. *Id.*; *see* ECF No. 66 at 7–13.

The *Caldwell* court likewise concluded that Title III does not extend to New Jersey's computerized voter registration list because it is a document the State itself created, not a record that came into the possession of election officials. 2026 WL 2186515, at *6–7. The court noted that the State's obligation to "continuously update" its voter list to remain compliant with HAVA and the NVRA "clearly contrasts" with Title III, which criminally penalizes any willful alteration of any record or paper covered by Title III. *Id.* at *8. Because DOJ's interpretation would place Title III on a "collision course" with other federal laws, the court found that DOJ's position was "untenable due to the inter-statutory conflict it would necessarily engender," and dismissed DOJ's complaint with prejudice. *Id.*

The *Matthews* court joined the others in holding that Title III applies only to records that "come into [an election official's] possession," a phrase that does "not encompass records that state election officials *create* or merely *possess*," such as a state's voter list. 2026 WL 2212877 at *3 (citation omitted; emphasis in original). In the alternative, the court also held that DOJ's "written demand" did not satisfy the facial requirements of Title III because it failed to "include both a sufficient basis and legitimate purpose for requesting the unredacted voter registration list." *Id.* at *4. DOJ's demand letter, the court wrote, "did not provide any factual basis" for any "suspected noncompliance with federal law" and did not identify a "proper purpose" for DOJ's demand for the state's unredacted voter file. *Id.* at *5.

Like the others, the *Griswold* court held that Title III does not apply to Colorado's voter list because such a document does not "come into [the state's] possession." *See* 2026 WL 2235374 at *5. To hold otherwise would render "superfluous" Title III's use of the phrase "come into . . .

ELIAS LAW GROUP
LLP
ATTORNEYS AT LAW
WASHINGTON, DC
MOTION FOR LEAVE

possession." *Id.* The court also concluded that interpreting Title III in the way DOJ proposes would place it "in conflict with other statutes that regulate the maintenance of voter registration records," such as HAVA and the NVRA. *Id*. The court also held that the DOJ's demand did not state a sufficient basis and purpose for Colorado's unredacted voter registration list. *Id.* at *4.

Twenty-one courts—including the Court of Appeals for the Sixth Circuit and twenty district courts—have now found DOJ's claims for unredacted voter lists to be without merit. No court has held otherwise. The recent decisions in *Thomas*, *Adams*, *Caldwell*, *Matthews*, and *Griswold* provide further support for dismissing DOJ's action in this case.

Dated: August 5, 2026

Respectfully submitted,

**BRAVO SCHRAGER LLP**

By: */s/ Bradley S. Schrager*

David R. Fox (NV Bar No. 16536)
Julianna D. Astarita* (DC Bar No. 90041368)
**Elias Law Group LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
(202) 948-1135
dfox@elias.law
jastarita@elias.law

Walker McKusick* (WA Bar No. 63205)
**Elias Law Group LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-017
F: (206) 656-0180
wmckusick@elias.law

Bradley S. Schrager (NV Bar No. 10217)
Daniel Bravo (NV Bar No. 13078)
**Bravo Schrager LLP**
6675 South Tenaya Way, Suite 200
Las Vegas, NV 89113
(702) 996-1724
bradley@bravoschrager.com
daniel@bravoschrager.com

*Attorneys for Intervenor-Defendants NAACP Conference of Idaho, Nevada, and Utah, Nevada Alliance for Retired Americans, Institute for a Progressive Nevada, and Jacqueline Sue Bird*

MOTION FOR LEAVE

ELIAS LAW GROUP LLP
ATTORNEYS AT LAW
WASHINGTON, DC

*Admitted pro hac vice*

MOTION FOR LEAVE

ELIAS LAW GROUP
LLP
ATTORNEYS AT LAW
WASHINGTON, DC

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2026 a true and correct copy of Intervenors' Motion for Leave to File Supplemental Authorities was served via the United States District Court's CM/ECF system on all parties or persons requiring notice.

By:   */s/ Dannielle Fresquez*
Dannielle Fresquez, an employee of
Bravo Schrager LLP

MOTION FOR LEAVE

ELIAS LAW GROUP
LLP
ATTORNEYS AT LAW
WASHINGTON, DC